UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

Antonio Zamora,

Plaintiff,

v.

Tricorps Security Inc,

Defendant,
_____________________/

**COMPLAINT**

Plaintiff Antonio Zamora, by and through the undersigned counsel, hereby sues Defendant Tricorps Security Inc, on the grounds set forth herein.

Introduction

1. This is an action by Plaintiff Antonio Zamora, under 42 U.S.C. §1981 (Civil Rights Act of 1866), to redress the injury done to him by the Defendant's discriminatory treatment and retaliation based on his Race, Color, and Ethnicity (Hispanic).

Jurisdiction And Venue

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, Attorney's fees, and costs.

3. This action is authorized and instituted pursuant to 42 U.S.C. §1981 (Civil Rights Act of 1866), as amended,

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and §1343.

5. The venue of this action is properly placed in the Middle District of Florida, Fort Myers Division, pursuant to 28 U.S.C. §1391(b), since the unlawful alleged employment practices were committed in Collier County, within the jurisdiction of this Honorable Court.

Parties

6. Plaintiff Antonio Zamora is a 56-year-old dark-skinned Hispanic male. Plaintiff is a resident of Naples, Collier County, employed by Defendant Tricorps Security Inc, and is a member of certain protected classes of persons because of his Race, Color, and Ethnicity (Hispanic).

7. Corporate Defendant Tricorps Security Inc (hereinafter Tricorps Security, or "Defendant") is a Florida Profit Corporation conducting business in Collier County, Florida, within the jurisdiction of this Court.

8. At all times relevant to this complaint, Plaintiff Antonio Zamora was employed Tricorps Security by Tricorp Security as a Retail Associate, and the parties had a contractual relationship with each other.

Statement of Facts

9. Plaintiff Antonio Zamora is a 56-year-old, dark-skinned Hispanic male. Plaintiff is a resident of Naples, Collier County, who was employed by Defendant Tricorp Security. The Plaintiff is a member of certain protected classes of persons because of his Race, Color, and Ethnicity (Hispanic).
10. Corporate Defendant Tricorp Security is a security company providing security services in Collier County. Tricorp Security is located at 4920 San Pablo CT, Naples, Florida 34109.
11. Defendant Tricorp Security employed Plaintiff Antonio Zamora as a security guard from approximately January 04, 2023, to April 02, 2023, or twelve weeks. Plaintiff was a non-exempt, full-time hourly employee, earning $16.00 an hour.
12. While employed by Defendant Plaintiff worked at Barefoot Beach Club in Bonita Beach, where he performed security guard duties.
13. Throughout his employment at Tricorp Security, Plaintiff performed his duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed his duties without significant issue or controversy.
14. However, during his time of employment with Defendant Tricorp Security, Plaintiff was subjected to unlawful acts of discrimination, such as harassment and a hostile working environment, and was further subjected

to different terms and conditions of employment and subjected to a discharge because of his Race, Color, and Hispanic Ethnicity.

15. Since his first day of employment, Plaintiff began to suffer discrimination and harassment based on his Race, Color, and Ethnicity.

16. Supervisor Kathryn Adgate did not like Hispanic people, and as soon as Plaintiff began to work, she texted Plaintiff, informing him that he needed to learn English.

17. Plaintiff complained to management about his Supervisor's texts, and Supervisor Adgate apologized for her texts.

18. This complaint constituted protected activity under 42 U.S.C. §1981.

19. However, Supervisor Adgate did not like Hispanic people, and she hated Plaintiff's English accent associated with his Hispanic Ethnicity.

20. Supervisor Adgate intentionally discriminated against Plaintiff and continued her harassment, asking Plaintiff repeatedly if he was studying English, where he was studying, how he was studying, and what methods he was using to learn English because he was learning nothing.

21. Supervisor Adgate discriminated against Plaintiff because of his Race, Color, and Ethnicity. She used her position to intimidate, humiliate and harass Plaintiff because of his Race, Color, and Ethnicity.

22. Supervisor Adgate showed hostility towards Plaintiff. She discriminated against, harassed, and mistreated Plaintiff based on his Race, Color, and Ethnicity.

23. Every time Plaintiff spoke to Supervisor Adgate in English, she would pretend not to understand and made fun of Plaintiff's English. The Supervisor tortured Plaintiff every day by stating that the Company needed English-speaking employees and so on.

24. Plaintiff suffered a disrespectful and abusive treatment at the hands of Supervisor Adgate. She called Plaintiff stupid many times.

25. Plaintiff was subjected to highly offensive, derogatory, and discriminatory remarks and comments about his Race, Color, and Ethnicity (Hispanic).

26. Defendant subjected Plaintiff to excessive job scrutiny and surveillance, looking for a reason to terminate him.

27. The frequent, severe, and offensive conduct of Supervisor Adgate created a hostile work environment for Plaintiff, in violation of 42 U.S.C. §1981.

28. Plaintiff felt harassed, unwelcome, uncomfortable, humiliated, and intimidated in his place of work. Plaintiff knew that Supervisor Adgate did not like him because of his Race, Color, and Hispanic Ethnicity. Supervisor Adgate was looking for excuses to admonish Plaintiff, get him in trouble, and cause his termination.

29. Plaintiff lived in anxiety and fear of losing his job. Every day, he tried to do his best to please Supervisor Adgate.

30. Plaintiff complained to Regional Director Dennis Harrys about the wrongful behavior of Supervisor Adgate. Plaintiff told Director Dennis Harrys that he was suffering discrimination and harassment based on his Race, Color, and Hispanic Ethnicity.

31. These complaints constituted protected activity under 42 U.S.C. §1981.

32. After each complaint, nothing positive happened for Plaintiff. On the contrary, Supervisor Adgate continued discriminating against Plaintiff and increased her harassment.

33. On or about April 02, 2023, Supervisor Adgate sent Plaintiff a text informing him not to show up for work on Monday, April 03, 2023, because he was fired.

34. Therefore, on or about April 02, 2023, Plaintiff suffered the last adverse "tangible employment action" because he was fired.

35. At all times during his employment with Defendant, Plaintiff performed his work satisfactorily. Accordingly, there was no reason other than unlawful discrimination to discharge Plaintiff.

36. On or about April 02, 2023, Plaintiff was discharged by Defendant, and his human and civil rights were violated. Plaintiff's discharge was directly and

proximately caused by Defendant's unjustified discrimination and harassment because of Plaintiff's Race, Color, and Ethnicity, violating both Federal and State Laws.

37. The unlawful conduct described above would not have occurred but for Plaintiff's Race, Color, and Ethnicity (Hispanic).

38. Defendant intentionally discriminated against Plaintiff based on his Color, Race, and Ethnicity and willfully interfered with Plaintiff's contractual relationship with Tricorp Security.

39. Defendant Tricorp Security is subjected to vicarious liability for the actions of its management because it failed to take adequate remedial measures to halt the discrimination, harassment, and retaliation to which Plaintiff was subjected, despite Defendant's knowledge that such discrimination and harassment were occurring.

40. As a direct and proximate result of the acts or omissions of Defendant Tricorp Security, Plaintiff Antonio Zamora has suffered damages.

41. Plaintiff has retained the law offices of the undersigned Attorney to represent him in this action and is obligated to pay reasonable Attorneys' fees and costs.

## COUNT I:
## VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. SECTION 1981, DISCRIMINATION BASED ON RACE, COLOR, AND ETHNICITY

42. Plaintiff Antonio Zamora re-adopts every factual allegation concerning Defendant Tricorp Security stated in paragraphs 1-41 above as if set out in full herein.

43. This is an action against Tricorp Security for unlawful discrimination pursuant to 42 U.S.C., Section 1981.

44. At all times, material hereto Defendant Tricorp Security was an "Employer" of Plaintiff, within the meaning of Section 42 U.S.C. §1981.

45. At all times material hereto, Plaintiff Antonio Zamora was an "employee" and had a contractual relationship with Defendant within the meaning of 42 U.S.C. §1981.

46. Plaintiff Antonio Zamora had at all times material and continues to have, a federally protected constitutional right to make and enforce contracts, to sue, to be parties, to give evidence, and to be free from racially-based discrimination while bargaining, negotiating, or entering into a contract, including the enjoyment of all its benefits, privileges terms, and conditions of the contractual relationship of his employment at Tricorp Security.

47. Defendant Tricorp Security has intentionally engaged in unlawful employment practices and discrimination, in violation of 42 U.S.C. § 1981, by treating Plaintiff differently from similarly situated employees because of his Race, Color, and Ethnicity.

48. Defendant subjected Plaintiff Antonio Zamora to different adverse employment actions, including but not limited to the following acts and omissions: harassment, hostile working environment, and wrongful termination.

49. The effects of the practices referenced above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his Race, Color, and Ethnicity.

50. As a direct and proximate result of the intentional violations by the Defendant of Plaintiff's rights under 42 U.S.C. § 1981, by treating him differently from similarly situated employees and subjecting him to racial harassment because of his Race, Color, and Ethnicity, Plaintiff has suffered damages. His damages include back pay, front pay, loss of benefits, future pecuniary loss, inconvenience, emotional pain, suffering, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

51. Plaintiff has suffered and will continue to suffer irreparable injury and compensable damages because of Defendant's discriminatory practices unless and until this Court grants relief.

52. The actions of Defendant Tricorp Security and/or agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form

of compensatory and punitive damages pursuant to federal law, to punish the Defendant for their actions and to deter it, and others, from such actions in the future.

53. Plaintiff Antonio Zamora has retained the undersigned counsel to prosecute his claims, and he is entitled to Attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

Prayer For Relief

Wherefore, Plaintiff Antonio Zamora respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Antonio Zamora and against Defendant Tricorp Security based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including Attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

Demand for a Jury Trial

Plaintiff Antonio Zamora demands trial by a jury of all issues triable as of right by a jury.

**COUNT II:**
**RETALIATION, IN VIOLATION OF THE CIVIL RIGHTS OF 1866, 42 U.S.C., SECTION 1981;**

54. Plaintiff Antonio Zamora re-adopts every factual allegation stated in paragraphs 1-41 of this complaint as if set out in full herein.

55. Plaintiff Antonio Zamora and Defendant Tricorp Security had a contractual relationship.

56. Defendant Tricorp Security precluded Plaintiff from performing the stated contractual relationship when Defendant discharged Plaintiff.

57. Defendant terminated Plaintiff's contractual relationship in retaliation for Plaintiff's opposition to unlawful employment practices based on Race, Color, and Ethnicity, as more particularly described above.

58. Plaintiff was unable to enjoy all the benefits, privileges, terms, and conditions of their contractual relationship.

59. The actions of Defendant Tricorp Security and/or agents were willful, wanton, intentional, and with malice or reckless indifference to Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish

the Defendant for its actions and to deter it, and others, from such actions in the future.

60. The Plaintiff has retained the undersigned counsel to prosecute his claims and is entitled to Attorney's fees pursuant to 42 U.S.C. §1988, the Civil Rights Attorneys Fee Award Act.

Prayer For Relief

Wherefore, Plaintiff Antonio Zamora respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff Antonio Zamora and against Defendant Tricorp Security based on Defendant's willful violations of 42 U.S.C. §1981; and

B. Award Plaintiff compensatory damages, including front pay, back pay, and lost benefits; and

C. Award Plaintiff as to this count prejudgment interest; and

D. Award Plaintiff damages for the costs of litigation and filing, including Attorney's fees; and

E. Grant such other and further equitable relief as this Court deems equitable and just and/or available pursuant to Federal Law, including punitive damages.

Demand for a Jury Trial

Plaintiff Antonio Zamora demands trial by a jury of all issues triable as of right by a jury.

Date: August 31, 2023,

Respectfully submitted,

By: **_/s/ Zandro E. Palma**____
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500, Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
E-mail: zep@thepalmalawgroup.com
*Attorney for Plaintiff*